**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

**MARY WALLS, an Individual; MELISSA WALLS,
as next friend of JOSHUA D. DEFORD, a Minor;**

                                    **PLAINTIFF,**

**VERSUS**                                     **CAUSE NO.:_____**

**ACTION RESOURCES, INC., a Domestic
Corporation; and MICAH LEAVINS, an Individual;**

                                    **DEFENDANTS.**

**COMPLAINT**

**JURISDICTION AND VENUE**

1. The Plaintiff, Mary Walls, is an adult resident citizen of the State of Virginia, and who was injured as a passenger in a passenger automobile in Bradley County, Tennessee when her vehicle was rear-ended by a commercial tractor-trailer combination driven and owned and/or operated by one or more of the Defendants.

2. The co-Plaintiff, Melissa Walls, is an adult resident citizen of the State of Virginia, and is the natural mother, custodial parent, and next friend of Joshua D. DeFord (hereinafter "DeFord"), a minor child. Joshua D. DeFord was injured as a passenger in the same passenger automobile as Mary Walls, in Bradley County, Tennessee when his vehicle was rear-ended by a commercial tractor-trailer combination driven and owned and/or operated by one or more of the Defendants.

3. Defendant, Micah Leavins (hereinafter "Leavins"), is an adult resident citizen of Westville, Holmes County, Florida. Defendant Leavins was an employee and/or agent of Defendant, Action Resources, Inc., and worked in the line and scope of his employment as a truck driver for Action Resources, Inc., at the time of the incident made the basis of this complaint.

4. Defendant, Action Resources, Inc. (hereinafter "Action Resources"), is an Alabama Corporation, with its principal place of business in Cullman County, Alabama. Defendant Action Resources was the employer and/or principal of Defendant Leavins at the time of the incident made the basis of this complaint. Defendant Action Resources was the owner and/or operator of the commercial vehicle being driven by Defendant Leavins at the time of the incident made the basis of this complaint.

5. The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars (**$75,000**).

6. This court has jurisdiction pursuant to 28 U.S.C. § 1332, and venue is proper in the Northern District of Alabama, Eastern Division.

## FACTS

7. On March 11, 2016, the Plaintiffs were traveling South on Interstate 75 in Bradley County, Tennessee.

8. Defendant Leavins was operating a commercial motor vehicle owned and/or operated by Action Resources on I-75 South directly behind the vehicle occupied by Walls and DeFord (referred to hereinafter collectively as "Plaintiffs").

9. At all times herein mentioned, the Plaintiffs' vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Tennessee.

10. Leavins failed to keep a proper lookout, failed to maintain a safe distance, failed to properly manage his speed, failed to properly manage his space, and/or failed to observe the Plaintiffs' vehicle and otherwise violated the Rules of the Road and/or Federal Motor Carrier Safety Regulations when his commercial vehicle collided with the Plaintiffs' vehicle.

11. The Plaintiffs sustained personal injuries directly and proximately caused by the wrongful acts and/or omissions of the Defendants.

## COUNT ONE

12. The Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

13. At approximately 5:57 p.m. on the 11th day of March, 2016, Leavins did wrongfully and negligently:

    a. operate the commercial vehicle which caused the wreck;

    b. fail to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

    c. fail to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

    d. fail to use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

    e. fail to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

    f. fail to use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

    g. fail to yield the right of way to the vehicle in which The Plaintiffs were passengers;

    h. fail to proceed cautiously into a roadway;

    i. fail to keep a proper lookout;

    j. fail to take reasonable evasive action to avoid causing a wreck;

    k. inspect the Action Resources commercial vehicle, including the equipment thereon;

    l. violate the Federal Motor Carrier Safety Regulations;

    m. violate Tennessee motor vehicle statutes;

    n. violate company policy;

    o. cause and/or contribute to the occurrence made the basis of this lawsuit.

    p. commit other such acts and omissions as will be shown through discovery and proven at the trial of this action.

14. At the time of the incident made the basis of this lawsuit, Leavins was acting in the line and scope of his employment and/or agency for Action Resources.

15. Plaintiffs allege that, as a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Leavins, the Plaintiffs were caused to suffer injuries.

## COUNT TWO

16. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

17. At approximately 5:57 p.m. on the 11th day of March 2016, and in addition to the acts and omissions of Leavins, which were imputed to, ordered, authorized, known to, ratified and/or condoned by Action Resources, Action Resources, by one or more of the following acts or omissions, was wrongful and negligent when it:

    a. operated a commercial carrier with inadequate safety management controls;

b. entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

c. hired and selected the operator of the commercial vehicle which was involved in the collision with the vehicle in which The Plaintiffs were passengers;

d. trained the operator of the commercial vehicle which was involved in the collision with the vehicle in which The Plaintiffs were passengers;

e. supervised and monitored the operator of the commercial vehicle which was involved in the collision with the vehicle in which The Plaintiffs were passengers:

f. used an unskilled, unknowledgeable, unqualified or disqualified driver;

g. retained the employment of the operator of the commercial vehicle which was involved in the collision with the vehicle in which The Plaintiffs were passengers;

h. violated the Federal Motor Carrier Safety Regulations;

i. violated Tennessee motor vehicle statutes;

j. violated its own company policy;

k. aided and abetted its employees in the violation of the Federal Motor Carrier Safety Regulations;

l. aided and abetted its employees in the violation of the Tennessee motor vehicle statutes;

m. conspired with its drivers in order to violate the Federal Motor Carrier Safety Regulations;

n. conspired with its drivers in order to violate the Tennessee motor vehicle statutes;

o. failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

p. maintained the commercial vehicle, including the equipment thereon, that was involved in the collision with the vehicle in which The Plaintiffs were passengers;

    q. failed to ensure that the commercial vehicle that that was involved in the collision with the vehicle in which The Plaintiffs were passengers had the parts and accessories necessary for safe operation;

    r. inspected the commercial vehicle, including the equipment thereon, which was involved in the collision with the vehicle in which The Plaintiffs were passengers;

    s. equipped the commercial vehicle that was involved in the collision with the vehicle in which The Plaintiffs were passengers;

    t. caused and/or contributed to the occurrence made the basis of this lawsuit; and

    u. committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

18. As a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Action Resources, Mary Walls and Joshua DeFord were caused to suffer injuries.

## **COUNT THREE**

19. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

20. The above-described conduct by Defendants Leavins and Action Resources was gross, willful, wanton and reckless negligence, and creates an independent tort on the part of these Defendants.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against Defendants Leavins and Action Resources for compensatory and punitive damages in an amount or amounts to which a jury determines each is entitled, plus interest, attorneys' fees, and costs.

RESPECTFULLY SUBMITTED,

_____
Cooper Ellenberg (ELL059)
Attorney for Plaintiffs

OF COUNSEL:

Cooper Ellenberg (ASB-8752-R79E)
**Moore Law Group, LLC**
4984 Overton Road
Birmingham, Alabama 35210
Telephone: 877-277-2901
Fax: 888-701-5901
cellenberg@mlgllc.net

### PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY

### DEFENDANTS TO BE SERVED BY PLAINTIFFS AS FOLLOWS:

Name:       Micah Leavins

Address:    2026 Sherwood Lane
            Westville, FL 32464

Name:       Action Resources, Inc.

Address:    c/o Registered Agent,
            Charles Corpening
            40 County Road 517
            Hanceville, AL 35077