FILED
2017 Nov-01 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MARY WALLS, an Individual;** ) | |
| **MELISSA WALLS, as next friend of** ) | |
| **JOSHUA D. DEFORD, a Minor,** ) | |
| ) | |
| **Plaintiff,** ) | Case No.: 1:17-CV-900-VEH |
| ) | |
| v. ) | |
| ) | |
| **ACTION RESOURCES, INC., a** ) | |
| **Domestic Corporation; and MICAH** ) | |
| **LEAVINS, an Individual,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Before the Court is a Motion To Dismiss or Transfer Venue (the "Motion"), filed pursuant to 28 U.S.C. § 1406(a), by the Defendants, Action Resources, Inc. and Micah Leavins. (Doc. 6). For the reasons stated herein, the motion will be **GRANTED** in part and this case will be **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee.

## I. FACTS ALLEGED IN THE COMPLAINT

The Complaint sets out the following factual basis for the claims in this case:

7. On March 11, 2016, the Plaintiffs were traveling South on Interstate 75 in Bradley County, Tennessee.

8. Defendant Leavins was operating a commercial motor vehicle owned

and/or operated by Action Resources on I-75 South directly behind the vehicle occupied by Walls and DeFord (referred to hereinafter collectively as "Plaintiffs").

9. At all times herein mentioned, the Plaintiffs' vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Tennessee.

10. Leavins failed to keep a proper lookout, failed to maintain a safe distance, failed to properly manage his speed, failed to properly manage his space, and/or failed to observe the Plaintiffs' vehicle and otherwise violated the Rules of the Road and/or Federal Motor Carrier Safety Regulations when his commercial vehicle collided with the Plaintiffs' vehicle.

11. The Plaintiffs sustained personal injuries directly and proximately caused by the wrongful acts and/or omissions of the Defendants.

(Doc. 1 at 2, ¶¶7-11). Arising from these facts, the Plaintiffs allege negligence against both Defendants (Counts One and Two), and "gross, willful, wanton and reckless negligence" against both Defendants (Count Three).

## II. STANDARD FOR EVALUATING VENUE

It has been noted that, in evaluating whether venue is proper:

" '[t]he plaintiff must present only a prima facie showing of venue.' " *Home Ins. Co. v. Thomas Indus., Inc.,* 896 F.2d 1352, 1355 (11th Cir.1990) (quoting *Delong Equipment Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir.1988)). A district court may decide whether a plaintiff's choice of forum is proper by reference to factual allegations made in the plaintiff's complaint and supplemental evidence in the form of affidavits submitted by both parties, and the court need not conduct an evidentiary hearing. *Id.* The court will assume that facts alleged in the plaintiff's complaint are true if they are not controverted

by the defendant. *Id.* But, even if the defendant submits evidence that conflicts with the plaintiff's factual allegations and evidence, "the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Id.* Essentially, the prima-facie standard, the determination of which may be made on the pleadings, boils down to one of 'plausibility'; to withstand a motion to transfer on the basis of plaintiff's venue of choice being improper, the plaintiff must show only that the venue chosen is plausibly proper. *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). If the plaintiff meets this light standard, then the burden shifts to the defendant, as the movant, to show why venue is improper. *Canal Ins. Co. v. Yelder,* 2010 WL 2640241 at *1 (M.D.Ala. June 22, 2010) (Thompson, J.) ("As [defendant] Harco has objected to the venue under 28 U.S.C. § 1406(a), it bears 'the burden of establishing that venue is improper.' ") (quoting 17 James Wm. Moore, et al., Moore's Federal Practice § 110.01[5][c] (3d ed.2012)).

*Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*, 956 F. Supp. 2d 1323, 1326–27 (M.D. Ala. 2012).

### III.  ANALYSIS

As noted, the instant motion is brought pursuant to 28 U.S.C. § 1406(a) which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall <u>dismiss,</u> or <u>if it be in the interest of justice, transfer such case to any district or division in which it could have been brought</u>.

*Id.* at § 1406 (emphasis added). Thus, the express wording of the statute

contemplates dismissal <u>first</u>, and transfer only if it is in the "interest of justice". Either way, the Court's analysis begins with an examination as to whether venue is appropriate.

### A. Venue Is Not Appropriate in the Northern District of Alabama

The venue statute states:

**(b) Venue in general.**--A civil action may be brought in--

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim" 28 U.S.C. § 1391(b)(2)[1], occurred in the Southern Division of the Eastern District of Tennessee, which encompasses Bradley County, Tennessee, the place where the tragic accident occurred. The Plaintiffs contend that venue is proper in

---

[1] 28 U.S.C. § 1391(b)(1) does not apply since all defendants do not reside in the State of Alabama. (Doc. 1 at 1, ¶¶1-4).

4

the Northern District of Alabama under 28 U.S.C. § 1391(b)(2). (*See* doc. 14 at 4). They argue that "Plaintiff's complaint states claims directly against Action Resources, Inc. for substantial acts and omissions that necessarily will have occurred in the Northern District of Alabama." (Doc. 14 at 4). Plaintiffs seem to imply that merely because Defendant Action Resources is "headquartered" in the Northern District of Alabama, the actions giving rise to their direct claims must have occurred in the Northern District of Alabama. (*See* doc. 14 at 4).

However, no facts are alleged to have occurred in Alabama. Indeed, the only connection which this case has to Alabama is that it is where Defendant Action Resources is located.² Venue is proper in the Southern Division of the Eastern District of Tennessee.³

### B. Transfer To the Eastern District of Tennessee Is Appropriate

Since the Northern District of Alabama is an improper venue, the next issue is to determine whether to dismiss or transfer this case under 28 U.S.C. § 1406(a). The

---

² In their response to the Motion, the Plaintiffs state that Action's "substantial acts and omissions . . . necessarily will have occurred in the Northern District of Alabama." (Doc. 14 at 4). However, "[s]tatements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980). There is authority indicating that Plaintiffs could have actually submitted affidavits to help establish venue. *Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*, 956 F.Supp.2d 1323, 1326-27 (M.D. Ala. 2012). However, the Plaintiffs chose not to.

³ Because the Court found a district in which venue is appropriate, it does not consider subsection 3 of the venue statute.

Defendants argue, in the alternative, that the case should be transferred to Tennessee in "the interest of justice." (*See* doc. 15 at 6).[4] Plaintiffs make no alternative argument that the case should be transferred to Tennessee in the event venue is not proper. (*See* doc. 14 at 4).

In this case, the "interest of justice" counsels this Court to transfer the case to the Eastern District of Tennessee. Because the accident occurred in Tennessee, much of the evidence and witnesses related to the accident are likely to be located in Tennessee. (*See* doc. 15 at 3); (*see also* doc. 1 at ¶ 7-11). Also, given the thin briefing on whether the Tennessee statute of limitations would bar the action,[5] this Court declines to determine that transferring the case to the Eastern District of Tennessee is futile. For the aforementioned reasons, the case will be **TRANSFERRED** by separate order.[6]

**DONE** and **ORDERED** this the 1st day of November, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4] The Defendants prefer outright dismissal. (*See* doc. 6 at 1).

[5] Most of the briefing is dedicated to Alabama conflict of laws principles.

[6] Since this Court is dismissing the case for improper venue, the Court need not address what statute of limitations the Court would apply under Alabama conflict of laws principles.